UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ASHLEY C.,

                      **Plaintiff,**

vs.                                              3:19-cv-1212 (MAD)

ANDREW SAUL, *Commissioner of Social Security*,

                      **Defendant.**

---

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **LAW OFFICES OF KENNETH HILLER, PLLC**<br>6000 North Bailey Avenue, Suite 1A<br>Amherst, New York 14226<br>Attorneys for Plaintiff | **JUSTIN M. GOLDSTEIN, ESQ.** |
| **SOCIAL SECURITY ADMINISTRATION**<br>625 JFK Building<br>15 New Sudbury Street<br>Boston, Massachusetts 02203<br>Attorneys for Defendant | **AMY BLAND, ESQ.** |

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

     Plaintiff, Ashley C., commenced this action on September 30, 2019, pursuant to 42 U.S.C. §§ 405(g) and 1383(c), seeking review of a decision by the Commissioner of Social Security denying Plaintiff's application for Social Security Disability Insurance ("SSDI"). Dkt. No. 1. On January 19, 2016, Plaintiff filed an application for disability insurance benefits, alleging an onset date of March 20, 2015. *See* Administrative Transcript ("Tr.") at 208. Plaintiff's application was

denied and she filed a timely request for a hearing before an Administrative Law Judge ("ALJ"). *Id.* at 114, 126. A hearing was held before ALJ Victor Horton on July 25, 2018. *Id.* at 58-98. On September 18, 2018, the ALJ issued a decision denying Plaintiff's application. *Id.* at 13-36. Plaintiff subsequently requested review by the Appeals Council and was denied such review. *Id.* at 1-4. Presently before the Court are the parties' cross-motions for judgment on the pleadings. Dkt. Nos. 10, 15.

## II. BACKGROUND

At the time of her application, Plaintiff was thirty-one years old. *See* Tr. at 208. Plaintiff has a twelfth grade education and has previously worked as a customer service representative, office manager, administrative assistant, and bank teller. *Id.* at 246. The record indicates that Plaintiff suffers from a variety of conditions including undifferentiated connective tissue disease ("UCTD"), dysautonomia, Raynaud's disease, fibromyalgia, anxiety, depression, gastroesophageal reflux disease, irritable bowel syndrome, and idiopathic thrombocytopenic purpura. *See id.* at 244. The record evidence in this case is undisputed and the Court adopts the parties' factual recitations. *See* Dkt. No. 10 at 1-12.[1]

## III. DISCUSSION

**A.    Standard of Review**

A person is disabled when he is unable "to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12

---

[1] The Commissioner does not present any factual recitation of the case. Therefore, the Court assumes the Commissioner agrees with Plaintiff's recitation of the facts.

2

months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  There is a five-step analysis for evaluating disability claims:

> "In essence, if the Commissioner determines (1) that the claimant is not working, (2) that he has a 'severe impairment,' (3) that the impairment is not one [listed in Appendix 1 of the regulations] that conclusively requires a determination of disability, and (4) that the claimant is not capable of continuing in his prior type of work, the Commissioner must find him disabled if (5) there is not another type of work the claimant can do."

*Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003) (quoting *Draegert v. Barnhart*, 311 F.3d 468, 472 (2d Cir. 2002)) (other citation omitted).  "The claimant bears the burden of proof on the first four steps, while the Social Security Administration bears the burden on the last step." *Id.* (citation omitted).

In reviewing a final decision by the Commissioner under Title 42, United States Code Section 405, the Court does not determine *de novo* whether a plaintiff is disabled.  *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990).  Rather, the Court must examine the Administrative Transcript to ascertain whether the correct legal standards were applied, and whether the decision is supported by substantial evidence.  *See Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000); *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998).  "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992) (citing *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir.

1982)) (other citations omitted).  In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health and Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984) (citation omitted).

**B.     The ALJ's Decision**

At the first step of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantially gainful activity since March 30, 2015, the alleged onset date.  Tr. at 18.  At step two, the ALJ concluded that Plaintiff had the following severe impairments: fibromyalgia, degenerative disc disease, connective tissue disorder, tachycardia, Raynaud's phenomenon, irritable bowel syndrome, depression, and anxiety.  *Id.* at 19.  At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that functionally equaled the severity of any impairment listed in C.F.R. Part 404, Subpart P, Appendix 1.  *Id.* at 19-23.  The ALJ then found that Plaintiff

> has the residual functional capacity to perform light work with the following limitations: she can occasionally climb stairs and ramps, but never climb ladders or scaffolds; she can occasionally stoop, kneel, crouch, and crawl; she can frequently push and pull with her arms and legs and reach in all directions including overhead; she must avoid concentrated exposure to extreme cold and vibrations, further defining "vibrations" as performing jobs such as operating jackhammers or other equipment where the operator is significantly vibrated; she must avoid all hazards or heights; she can understand, remember, and carry out simple instructions and repetitive tasks, further restricted to SVP-2 work and below; she can respond appropriately to supervisors and co-workers in a task-oriented setting where contact with others, including the public, is infrequent; she can adapt to routine, simple work changes; and she can perform repetitive work according to set procedures, sequence, or pace.

*Id.* at 23.

At step four, the ALJ found that Plaintiff could not perform any past relevant work. *Id.* at 27. At the fifth and final step of the analysis, the ALJ solicited the testimony of a vocational expert. *Id.* at 28-29. The vocational expert testified that a hypothetical individual of Plaintiff's age, education, past relevant work experience, and RFC could perform the representative occupations of housekeeper and laundry sorter. *Id.* at 29. The ALJ relied on this testimony to determine that Plaintiff is not disabled as defined by the Social Security Act. *See id.* at 29.

**C.    The ALJ's Step Three Determination That Plaintiff Does Not Satisfy Listing 14.06(A) is Not Supported By Substantial Evidence**

Plaintiff asserts that the ALJ's step three findings are not supported by substantial evidence because the ALJ failed to evaluate evidence demonstrating that Plaintiff satisfied Listing 14.06(A). Dkt. No. 14-18. The Court agrees.

Absent legal error, this court may not set aside the decision of the Commissioner if it is supported by substantial evidence. *Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982). Further, if the Commissioner's decision is supported by substantial evidence, that decision will be sustained, even where there may also be substantial evidence to support the plaintiff's contrary position. *Schauer v. Schweiker*, 675 F.2d 55, 57 (2d Cir. 1982). The Second Circuit has defined substantial evidence as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Williams*, 859 F.2d at 258 (quoting *Richardson*, 402 U.S. at 401). Substantial evidence must be "more than a scintilla or touch of proof here and there in the record." *Williams*, 859 F.2d at 258.

"A finding of disability will ordinarily be justified when the individual's impairment is one which is as severe as the impairments contained in the Listing of Impairments." Titles II & XVI:

5

The Sequential Evaluation Process, SSR 86-8 (S.S.A. 1986).  "The Listing of Impairments . . . contains over 100 medical conditions which would ordinarily prevent an individual from engaging in any gainful activity." *Id.*  "Thus, when such an individual's impairment or combination of impairments meets or equals the level of severity described in the Listing, and also meets the duration requirement, disability will be found on the basis of the medical facts alone in the absence of evidence to the contrary." *Id.*

"[I]n cases in which the disability claim is premised upon one or more listed impairments of appendix 1, 'the Secretary should set forth a sufficient rationale in support of his decision to find or not to find a listed impairment.'" *Davis v. Astrue*, No. 6:09-CV-186, 2010 WL 2545961, *3 (N.D.N.Y. June 3, 2010) (quoting *Berry*, 675 F.2d at 469).  However, "the absence of an express rationale does not prevent [the court] from upholding the ALJ's determination regarding appellant's claimed listed impairments, [where] portions of the ALJ's decision and the evidence before him indicate that his conclusion was supported by substantial evidence." *Berry*, 675 F.2d at 468.  Thus, although an ALJ should provide a detailed explanation for his decision as to why the plaintiff did not satisfy the Listed Impairment, the Court may look to other portions of the opinion for support for the otherwise deficient conclusion.  *See id.*; *see also Garcia v. Comm'r of Soc. Sec.*, No. 2:17-CV-02715, 2019 WL 1385222, *14 (E.D.N.Y. Mar. 27, 2019) (holding that while "the ALJ should have provided a more detailed explanation for her decision that plaintiff did not" satisfy the listing impairment, the ALJ's conclusion should be upheld as it was not unfathomable based on the rest of the opinion).

While the ALJ is not required to list every piece of evidence examined, the ALJ must present enough evidence to allow the court to engage in a meaningful review.  *See Nieves v. Colvin*, No. 3:15-CV-01842, 2016 WL 7489041, *6 (D. Conn. Dec. 30, 2016).  A reference only

in citation to evidence considered at step three is improper. *See Peach v. Colvin*, No. 15-CV-104, 2016 WL 2956230, *4 (W.D.N.Y. May 23, 2016). As such, the ALJ may not "summarily dispose[] of step three with conclusory statements that [the plaintiff] does not meet [the] listing, followed by a recitation of the elements of each listing." *Nieves*, 2016 WL 7489041, at *5.

Nevertheless, where there is little or no evidence in the record to support that the plaintiff meets the criteria of the listing, the ALJ's analysis is sufficient if the ALJ "spoke to a lack of evidence in the record that those criteria were met" in addition to listing the criteria. *Monahan v. Berryhill*, No. 3:18-CV-00207, 2019 WL 396902, *5 (D. Conn. Jan. 31, 2019). Such an analysis would be supported by substantial evidence. *Id.*

Plaintiff asserts the ALJ erred by failing to evaluate all the evidence demonstrating that Plaintiff satisfied Listing 14.06(A).[2] Dkt. No. 10 at 14. Plaintiff is incorrect that the ALJ was required to examine all evidence supporting that Plaintiff satisfied Listing 14.06(A). "[W]here 'the evidence of record permits us to glean the rationale of an ALJ's decision, we do not require that he have mentioned every item of testimony presented to him or have explained why he considered particular evidence unpersuasive or insufficient to lead him to a conclusion of disability.'" *Petrie v. Astrue*, 412 Fed. Appx. 401, 407 (2d Cir. 2011) (quoting *Mongeur v. Heckler*, 722 F.2d 1033, 1040 (2d Cir. 1983)). The ALJ's step three findings are supported by substantial evidence so long as his opinion presents substantial evidence that Plaintiff did not satisfy any one of the three requirements of Listing 14.06(A). Here, however, the ALJ's opinion does not present any evidence that Plaintiff did not satisfy the requirements of Listing 14.06(A).

---

[2] The ALJ grouped his analysis of 14.06 subsections A and B together. However, Plaintiff does not assert that she satisfied the criteria of 14.06(B). Therefore, the Court will only examine whether substantial evidence supports the ALJ's conclusion as to Listing 14.06(A).

Listing 14.06(A) requires "[i]nvolvement of two or more organs/body systems, with: 1. [o]ne of the organs/body systems involved to at least a moderate level of severity; and 2. [a]t least two of the constitutional symptoms or signs (severe fatigue, fever, malaise, or involuntary weight loss)." 20 C.F.R. pt. 404, Subpt. P, App. 1 § 14.06(A). The ALJ determined that Plaintiff did not satisfy this criteria because "there [was] no evidence of the involvement of two or more body systems, with at least one body system involved to at least a moderate degree, accompanied by at least two of the constitutional symptoms or signs. . . ." Tr. at 21.

The ALJ's analysis amounts to a mere recitation of the listing with absolutely no analysis. The remainder of the ALJ's opinion does not support the conclusion that Plaintiff did not satisfy Listing 14.06(A). The ALJ does not highlight any evidence in the opinion demonstrating that Plaintiff does not satisfy any of three requirements of Listing 14.06(A). At most, the ALJ cites to Dr. McCormack's opinion which could support that Plaintiff does not satisfy the first part of the listing. Dr. McCormack examined Plaintiff's medical records and noted that while she was diagnosed with Fibromyalgia, there was "no evidence of any other organ involvement." *Id*. at 634. The ALJ afforded Dr. McCormack's opinion significant weight as he determined it was consistent with Plaintiff's medical records and Dr. Jenouri's opinion, Plaintiff's treating physician. *Id.* at 25-26. However, the ALJ does not mention Dr. McCormack's findings. Such a reference by citation to supporting evidence is insufficient to establish substantial evidence that Plaintiff does not satisfy a listing impairment. *See Peach*, 2016 WL 2956230, at *4.

Similarly, the ALJ does not discuss any of the constitutional symptoms or signs listed in Listing 14.06(A) other than Plaintiff's fatigue. While there is evidence in the record to support that Plaintiff's fever and involuntary weight loss were not continuing issues, there was also evidence to suggest that they were. The ALJ never mentioned these issues or their impact on his

step three determination.  Courts in this circuit have consistently held that the ALJ may not summarily dispose of the step three determination with conclusory statements which require the Court to infer the ALJ's rational from the ALJ's ultimate conclusion.  *Howarth v. Berryhill*, No. 3:16-CV-1844, 2017 WL 6527432, *5, *7 (D. Conn. Dec. 21, 2017) (determining that while evidence in the record might support the ALJ's conclusion, the ALJ must present the evidence examined somewhere in his opinion); *see also Peach*, 2016 WL 2956230, at *4 ("While the ALJ may ultimately find that these listings do not apply to Plaintiff, he must still provide some analysis of Plaintiff's symptoms and medical evidence in the context of the Listing criteria"); *Nieves*, 2016 WL 7489041, at *5 (remanding where the evidence could support both that the plaintiff did and did not satisfy the listing requirements as the ALJ had an affirmative duty to develop the record such that the court could engage in a meaningful review); *Cherico v. Colvin*, No. 12 Civ. 5734, 2014 WL 3939036, *28 (S.D.N.Y. Aug. 7, 2014) (holding that the ALJ's failure to apply the criteria for a listing to the medical evidence and make specific findings was "patently inadequate ... in view of the fact that plaintiff has at least a colorable case for application of" the listing); *Davis*, 2010 WL 2545961, at *4 (remanding where the ALJ failed to provide an "expressed rational" for his step three determination, despite some evidence supporting the ultimate conclusion).

Plaintiff presents evidence in the record supporting that she satisfies Listing 14.06(A). She highlighted medical records that multiple organ systems were affected and their relative severity.  Dkt. No. 10 at 15 (citing Tr. at 488, 497, 504-05, 513, 522-23, 532, 541, 716-17, 755, 762, 819, 824, 828, 833, 837, 841, 845, 849, 853, 857, 861, 865).  Plaintiff also presents the Court with evidence in the medical record establishing severe fatigue, fever, and involuntary weight loss.  *Id.* at 15-16 (citing Tr. at 368, 396, 403, 410, 488, 500, 503, 511, 520, 526, 535, 536, 538,

9

543, 592, 683, 685, 691, 699, 706, 716, 748, 762, 943, 945, 951, 959, 1007, 1027, 1029-32, 1035-43, 1045-48, 1050-51, 1053-66, 1068-73, 1075-86, 1089, 1091-96, 1099, 1101-11, 1113-40).

The Court does not attempt to reweigh the evidence now on appeal as such an analysis would be improper. *Warren v. Comm'r of Soc. Sec.*, No. 3:15CV1185, 2016 WL 7223338, *9 (N.D.N.Y. Nov. 18, 2016), *report and recommendation adopted sub nom. Warren v. Colvin*, 2016 WL 7238947 (N.D.N.Y. Dec. 13, 2016). Rather, the Court recognizes that Plaintiff could establish "at least a colorable case" that she satisfied Listing 14.06(A) and that the ALJ's decision was so deficient that it has left the Court unable to engage in a meaningful review. *Cherico*, 2014 WL 3939036, at *28. Therefore, the Court will remand to allow the ALJ an opportunity to explain why Plaintiff does or does not satisfy Listing 14.06(A).

**D.     Plaintiff's Remaining Claims**

As the Court has found that the ALJ's step three findings are not supported by substantial evidence, the Court will remand without consideration of Plaintiff's remaining arguments.

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff's motion for judgment on the pleadings is **GRANTED**; and the Court further

**ORDERS** that the Commissioner's decision is **REVERSED**, and this case is **REMANDED**, pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this Memorandum-Decision and Order; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: October 29, 2020
      Albany, New York

*/s/ Mae A. D'Agostino*
Mae A. D'Agostino
U.S. District Judge