**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

_____

**ASHLEY C.,**

                             **Plaintiff,**

    **vs.**

                                                     **3:19-cv-1212
                                                   (MAD)**

**ANDREW SAUL,** *Commissioner of
Social Security,*

                            **Defendant.**

_____

**APPEARANCES:**                                **OF COUNSEL:**

**LAW OFFICES OF KENNETH**        **JUSTIN M. GOLDSTEIN, ESQ.**
**HILLER, PLLC**                         **KENNETH R. HILLER, ESQ.**
6000 North Bailey Avenue, Suite 1A
Amherst, New York 14226
Attorneys for Plaintiff

**SOCIAL SECURITY ADMINISTRATION**    **AMY BLAND, ESQ.**
625 JFK Building
15 New Sudbury Street
Boston, Massachusetts 02203
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

**ORDER**

      Justin Goldstein, counsel to Plaintiff Ashley C. ("Plaintiff"), filed this Motion for Attorney's Fees pursuant to 42 U.S.C. § 406(b) on December 28, 2020. Dkt. No. 18-1. The Commissioner of Social Security ("Commissioner") does not object to the request. Dkt. No. 19. For the reasons stated below, the Court finds that Mr. Goldstein's requested fee of $6,001.48 plus the $400 filing fee is reasonable and grants his motion.

Plaintiff retained Mr. Goldstein to represent her in appealing the Administrative Law Judge's ("ALJ") determination that she was ineligible for benefits under the Social Security Act. Dkt. No. 1. Mr. Goldstein agreed to represent Plaintiff under a contingency fee agreement. *See* Dkt. No. 18-3 at 1-2. The agreement stated that if Plaintiff received past due benefits, the attorney fee would equal the lower value of twenty-five percent of the past due benefits or $6,000, adjusted for inflation. *Id.* at 1. The agreement also provided that Plaintiff's counsel may apply for attorney's fees that are not subject to the $6,000 limit if the claim enters federal court and may receive a "reasonable fee under the Equal Access to Justice Act (EAJA). ..." *Id.*

Plaintiff filed a complaint on September 30, 2019. Dkt. No. 1. On October 29, 2020, this Court reversed the Commissioner's denial of social security benefits, remanded this matter back to the Commissioner for further proceedings, and entered judgment in Plaintiff's favor. Dkt. No. 16; Dkt. No. 17.

Pursuant to 42 U.S.C. § 406(b), a court may award reasonable attorneys' fees to a successful claimant's attorney, provided that those fees do not exceed twenty-five percent of the past-due benefits awarded. *See Gisbrecht v. Barnhart*, 533 U.S. 789, 807 (2002); *Wells v. Sullivan*, 907 F.2d 367, 370 (2d Cir. 1990). In determining whether to award fees, a district court looks first to the contingency agreement between the parties, which "should be enforced unless the court finds it to be unreasonable." *Gisbrecht*, 533 U.S. at 807-08 (citations omitted); *Wells*, 907 F.2d at 370. To determine whether an agreement is reasonable, the court "must give due deference to the intent of the parties" as well as "determine whether the contingency percentage is within the 25% cap[,] whether there has been fraud or overreaching in making the agreement, and whether the requested amount is so large as to be a windfall to the attorney." *Wells*, 907 F.2d at 372.

Although Plaintiff has not yet been awarded past due benefits, Plaintiff's claim is successful for the purposes of awarding fees because Plaintiff prevailed by receiving a remand. *See Munn v. Comm'r of Soc. Sec.*, No. 1:06-CV-0231, 2009 WL 1575299, *2 (N.D.N.Y. June 2, 2009) (quoting *Shalala v. Schaefer*, 509 U.S. 292, 300-302 (1993)) (holding that a plaintiff who receives a remand pursuant to sentence four of 42 U.S.C. § 405(g) is a "prevailing party" who may receive fees under the EAJA). Therefore, attorney's fees are justified, and the Court must examine the fee agreement.

The Court does not find evidence of fraud or overreaching in making the agreement. Furthermore, the amount Plaintiff's counsel requests, $6,001.48 for 28.8 hours of work performed, is reasonable. Dkt. No. 18; Dkt. No. 18-2 at 3. Split between 2019 and 2020, and accounting for inflation, the hourly rate equals $205.25 and $208.92, respectively. Dkt. No. 18-1 at 4-5. This award is well below other awards approved in this District. *See Juanita Marie D. v. Comm'r of Soc. Sec.*, No. 6:16-CV-1457, 2019 WL 2053849, *2 (N.D.N.Y. May 8, 2019) (citations omitted) (holding an hourly rate of $759.52 did not constitute a windfall); *Filipkowski v. Barnhart*, No. 05-CV-01449, 2009 WL 2426008, *2 (N.D.N.Y. Aug. 6, 2009) (holding an hourly rate of $743.30 did not constitute a windfall). In fact, it is in line with other rates found to be reasonable in this District. *See Zurenda v. Colvin*, No. 3:11-CV-1114, 2014 WL 3548928, *2 (N.D.N.Y. July 17, 2014) (citations omitted) (holding an hourly rate of $286.55 is reasonable when an attorney succeeds on a Social Security claim). The requested amount is therefore reasonable and would not be a windfall to the attorney.

Plaintiff also seeks an award of $400.00 in costs, representing the filing fee in this matter. Reasonable out-of-pocket expenses are generally reimbursed as a matter of right in connection with an award of attorneys' fees. *See Barbour v. Colvin*, 993 F. Supp. 2d 284, 292 (E.D.N.Y.

2014) (citing *U.S. Football League v. Nat'l Football League*, 887 F.2d 408, 416 (2d Cir. 1989)). In this case, the Commissioner does not object to the imposition of costs in the amount of $400.00, which Plaintiff is entitled to as the prevailing party. As such, the Court grants Plaintiff's motion insofar as she seeks $400.00 in costs.

Accordingly, the Court hereby

**ORDERS** that Plaintiff's motion for attorneys' fees and costs (Dkt. No. 18) is **GRANTED**; and the Court further

**ORDERS** that Plaintiff is awarded $6,001.48 in attorneys' fees and $400.00 in costs; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: March 8, 2021
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge